791 F.2d 831
 32 Ed. Law Rep. 496
 UNITED STATES of America, Plaintiff-Appellant,
v.
DALLAS COUNTY COMMISSION, Dallas County, Al.; John W.
Jones, Jr., Chairman; Seawell L. Jones, R. Furniss Elliss,
O. Frederick Baldwin, Andrew P. Calhoun, Members; and
Dallas County Board, Defendants-Appellees.
 No. 86-7330
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 May 23, 1986.
 J.B. Sessions, III, U.S. Atty., Mobile, Ala., Miriam Eisenstein, Gerald W. Jones, Paul F. Hancock, J. Gerald Herbert and Poli A. Marmolejas, U.S.Dept. of Justice, Washington, D.C., for plaintiff-appellant.
 John L. Pilcher, for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case the United States challenges the at-large method of electing School Board members in Dallas County, Alabama. The district court denied the motion of the United States for a preliminary injunction enjoining School Board elections under the at-large system. The United States appealed under 28 U.S.C. Sec. 1292(a). In this court the United States has moved for summary reversal or in the alternative for an injunction pending appeal, and both sides have filed briefs.
 
 
 2
 In 1978 the United States sued the Dallas County Commission and the Dallas County School Board, alleging that at-large voting for County Commission and School Board offices violated the Fourteenth and Fifteenth Amendment rights of black voters and violated Sec. 2 of the Voting Rights Act, 42 U.S.C.1973. With respect to only the School Board, the United States contended that Alabama Code Sec. 16-8-1, the statute that provides for at-large school board elections in 35 Alabama counties, including Dallas, had been unconstitutionally applied in Dallas. Following the United States' presentation of evidence the School Board's Rule 41(b) motion to dismiss was granted.[1]
 
 
 3
 Trial continued against the County Commission, and judgment ultimately was granted for the Commission.[2]
 
 
 4
 The United States appealed, and in 1984 this court reversed in part, affirmed in part, vacated in part, and remanded. U.S. v. Dallas County Commission, 739 F.2d 1529 (11th Cir.1984). The School Board's petition for rehearing was denied. 739 F.2d at 1541.
 
 
 5
 On remand the district court severed the case against the County Commission from the case against the School Board. In mid-February 1986 the United States moved for a preliminary injunction against at-large balloting in elections for both County Commission and School Board places, pending final resolution of the case. The district court conducted a hearing with regard to elections for County Commission, and on March 6, 1986 it issued a preliminary injunction against at-large voting in Commission races in the June 1986 Democratic Primary.
 
 
 6
 When the case was remanded to the district court counsel for the Board moved for judgment on the pleadings on the ground that the factual findings affirmed by the court of appeals required the district court to find that Sec. 2 of the Voting Rights Act had not been violated. The district court held no hearing with regard to the School Board case. The record before us does not show that it ever ruled on the motion for judgment on the pleadings, but the assertions in the motion are the predicate for the court's denial on March 31, 1986 of the motion for preliminary injunction against the Board. The court denied the preliminary injunction because it concluded that the School Board "[had] prevailed on the merits." The premise for this conclusion is that the 1984 decision of this court "left undisturbed the critical findings of fact and conclusions of law ... that plaintiff had failed to establish its claim that Alabama Code Sec. 16-8-1 had been unconstitutionally applied in Dallas County." R.E. at 82. In short, the district court concluded that there was nothing for it to hear on the School Board case because the 1984 decision by this court had left in effect the 1982 district court judgment rendered for the School Board insofar as it related to the constitutionality of Sec. 16-8-1. That conclusion is correct with respect to the constitutionality of Sec. 16-8-1; indeed the United States effectively abandoned that issue on appeal. But it is half of the story. The 1984 decision by this court did not affirm the 1982 judgment entered by the district court with respect to Sec. 2 of the Voting Rights Act as it pertains to the School Board. That issue remains to be addressed by the district court.
 
 
 7
 We are hard pressed to understand how counsel for the School Board could contend before the district court (a contention now repeated before us) that the effect of our 1984 decision was to affirm on the merits as to the School Board with respect to the Sec. 2 claim, or phrasing it differently, that the district court need do nothing more than read our 1984 decision and enter up a judgment that the Board had won the case. On September 24, 1984 the same counsel for the School Board had filed with this court a petition for rehearing from our 1984 decision. The petition asserted that this court had erred in holding that a voting dilution claim could be asserted against the Board under Sec. 2 and in holding that such a claim could be established without proof of discriminatory intent. The petition recognized that our decision in this regard relied upon U.S. v. Marengo County Commission, 731 F.2d 1546 (11th Cir.1984), and urged that Marengo County was erroneously decided. The Board specifically urged that our construction of Sec. 2 was clearly erroneous. That petition was denied. Had this court intended to affirm as to the Sec. 2 claim against the School Board it would have done so in its 1984 decision or would have granted the petition for rehearing. If counsel had any doubt about what the mandate set out in our 1984 decision meant, that doubt was removed when the Board's petition for rehearing was denied.
 
 
 8
 This case is EXPEDITED because of the short time remaining before the election. The order of the district court denying a preliminary injunction is REVERSED and the case is REMANDED to the district court with direction to grant a preliminary injunction against elections for School Board places pending further proceedings in the district court.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 [1]
 Reported at 548 F.Supp. 794
 
 
 [2]
 Reported at 548 F.Supp. 875